E-FILED
Wednesday, 04 November, 2009  09:58:17 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Estate of Austin L. Wells, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08-1128 |
| | ) | |
| Bureau County, et al, | ) | |
| Defendants | ) | |

**ORDER**

Now before the Court is the Motion to Quash Subpoena (#19). The Subpoena in question was served by Plaintiff on third party North Central Behavior Health Systems ("North Central"). The Motion to Quash was filed by North Central. As explained below, the Motion is GRANTED.

The Motion was filed on October 16, 2009.  Pursuant to the Rules of this Court, any opposition to this motion was due to be filed on or before November 2, 2009.  CDIL Local Rule 7.1. No opposition was filed.   Pursuant to that same Rule, the Court therefore presumes no opposition and rules without further notice to the parties.

Under  Illinois' Mental Health and Developmental Disabilities Confidentiality Act ("Act"), 740 ILCS 110/1 et seq., "confidential communications," as defined in that Act, may not be disclosed without a written judicial order.  Moreover, in the case of a deceased recipient of mental health services, records of such services may be disclosed only after a court has reviewed the documents in camera and made certain findings.

According to North Central, compliance with the subpoena will necessitate production of documents protected by the Act.  To the extent that North Central can comply with the subpoena without disclosing confidential materials, it has done so.  See, Document #20, Partial Response to Subpoena.

With respect to documents that are confidential, however, Plaintiff has neither sought nor obtained the requisite order or findings from this Court (and no party has made this Court aware of any other court that might have acted).  In the absence of the judicial protection required by the Act, the subpoena cannot be enforced in its entirety.  To the extent that the subpoena seeks production of confidential documents, the Motion to Quash [19] is GRANTED.

ENTERED ON  November 4, 2009

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE