E-FILED
Monday, 05 April, 2010 09:53:47 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Estate of Austin Wells, by Jerry Wells, Administrator; and Mindy Davis, Plaintiffs<br><br>v.<br><br>Bureau County, Sheriff John E. Thompson, Sherry Keefer, and Chris Spiegel, Defendants | Case No. 08-1128 |

## ORDER

Now before the Court is a motion (#26) by non-party Objector North Central Behavior Health Systems to quash a subpoena for records served on it by the Plaintiffs. For the following reasons, the motion is GRANTED.

This case arose out of the suicide of Austin Wells while he was incarcerated at the Bureau County Jail. On February 19, 2010, Plaintiff Estate of Austin Wells ("Estate") served a subpoena on North Central Behavior Health Systems ("NCBHS"), seeking the following records:

> Any and all document that would reflect the reason, investigation or basis of referral for the approximate 35 mental health evaluations that were performed at the Bureau County Jail from 2004 to present, identifying what prompted jail officials to make the request or why the contact with NCBHS was made, including any behavior reported or reason identified by corrections necessitating the evaluation. Any document produced need not include any details of the evaluation performed or any confidential communications made to mental health professionals by individuals evaluated.

This matter was brought before this Court once before. On Nov. 4, 2009, an Order was entered (Doc. #21), granting a motion to quash a subpoena by the Estate to NCBHS for these same records. The Order noted that the Illinois Mental Health and Developmental

Disabilities Confidentiality Act ("Act"), 740 ILCS 110/1 et seq, required a written judicial order prior to disclosure of such records. The Estate had not objected in any way to the motion to quash, nor had it sought any such order.

The matter is now before the Court again. NCBHS has filed a motion to quash, and both the Estate and the Defendants have weighed in on the matter. NCBHS has submitted the records in question for *in camera* review. I have reviewed the records and have carefully considered the arguments of the parties.

I find that it is wholly unnecessary to broach the subject whether these documents are protected by the Act, because the subpoena in question was untimely. It was issued on February 19, 2010[1]. That date was the last day for conducting discovery. Although it might be argued that the subpoena was timely because it was served before the close of discovery, the practical effect is that Plaintiff is conducting discovery after the deadline imposed by the scheduling Order in this case. That effect is emphatically shown by Plaintiff's argument that the subpoena seeks relevant materials "that might lead to discoverable evidence." That argument holds water only if it is made during the authorized discovery period.

The scheduling Order in this case directed that discovery be *completed* by February 19, not *served* by that date. This Court has discretion to enforce the deadlines in its scheduling order. Fed.R.Civ.P. 16(b)(4)(Rule 16 scheduling order "may be modified only for good cause and with the judge's consent."); CDIL Local Rule 16.2(D)("The parties and their counsel are bound by the dates specified in the scheduling order absent a finding of

---

[1] Leave had been granted to take 2 additional depositions after that date. See Text Only Order dated 2/22/10. That Order specifically stated that it was limited to those 2 depositions and that the extension "does not extend or alter any other deadline in this case." Those 2 depositions are not related in any discernible way to the issues raised by the subpoena in question.

due diligence and good cause for changing said dates."); see, Pierce v. Illinois Dept. of Human Services, - F.3d -, No. ??, 2009 WL 3416213, 2 (C.A.7 (Ill. (C.A.7 (Ill.),2009)(noting that it has "repeatedly upheld a district court's discretion to require strict compliance" with local rules).

While it would also be in this Court's discretion to extend the deadline for completion of discovery, no such request was timely made. See CDIL Local Rules 6.1 and 7.1(A)(3). Moreover, I decline to do so in this case. Plaintiff knew as far back as last October (when the first motion to quash was filed) that this issue would have to be confronted if these documents were to be recovered. More than 3 months passed before anything constructive was done, and what was done was too little, too late.

I conclude that the subpoena was untimely, and for that reason, the motion to quash [#26] is GRANTED. The documents submitted for *in camera* review will be shredded in 7 days, unless the Objector notifies chambers that they will be picked up.

ENTERED ON April 5, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE